UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABELARDO RENTERIA-PEREZ,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:19-CR-00492-JPB |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 87]. This Court finds as follows:

### BACKGROUND

On December 3, 2019, a grand jury indicted Abelardo Renteria-Perez ("Defendant") with three drug-related offenses. [Doc. 18]. On April 14, 2020, Defendant filed a Motion to Suppress Statements [Doc. 39] and a Motion to Suppress Evidence [Doc. 40]. The next day, Defendant filed an Amended Motion to Suppress Statements [Doc. 43] and an Amended Motion to Suppress Evidence [Doc. 42]. United States Magistrate Judge Catherine M. Salinas held an evidentiary hearing on the motions on July 9, 2020. On December 23, 2020, the Magistrate Judge issued her Final Report and Recommendation wherein she recommended denying Defendant's motions. [Doc. 87]. Defendant filed

objections to the Report and Recommendation on January 6, 2021.  [Doc. 89].  With the Court's permission, Defendant amended his objections on February 4, 2022.  [Doc. 119].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'"  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## ANALYSIS

Defendant objects to the Report and Recommendation on fifteen different grounds. Each objection is discussed below.

1.

The Report and Recommendation states that "[u]nder the direction of law enforcement, Larry then called Concho, who said that his cousin, Gordo (a nickname used for heavyset people), would come get the package." [Doc. 87, p. 4]. Defendant objects to this sentence "to the extent that it may be read as an indication that Concho indicated his cousin or the person who would pick up the package was heavyset." [Doc. 119, p. 1-2]. Importantly, Defendant never explains how attributing the generalized explanation of the nickname Gordo to Concho affects the Magistrate Judge's recommendation. Because Defendant does not identify how this factual finding affects the outcome of the Report and Recommendation, the objection is **OVERRULED**. See United States v. Mendez-Bernal, No. 3:19-cr-10, 2020 WL 5494728, at *2 (N.D. Ga. Sept. 11, 2020) (overruling factual objections where the defendant did not identify how the factual findings affect the outcome of the recommendation).

2.

In Defendant's second objection, he objects to the Magistrate Judge's finding that the Honda "made multiple, very aggressive attempts to evade surveillance." [Doc. 87, p. 4]. Defendant argues that this finding is based on improper speculation and opinion on the part of Sergeant Petron. The Court disagrees. In his testimony, Sergeant Petron, a law enforcement officer, explained that he has experience investigating high-level drug trafficking. [Doc. 60, p. 18]. Sergeant Petron testified that he observed the driver of the Honda doing "aggressive heat checks," which is a countersurveillance technique where the driver speeds up and slows down to determine whether he is being followed. Id. at 32-33. Given Sergeant Petron's experience investigating drug trafficking and his observations of the driving, Sergeant Petron's conclusion that the driver was engaged in countersurveillance techniques was not based on mere speculation. As a result, Defendant's objection is **OVERRULED**.

3.

In Defendant's third objection, Defendant objects to the Magistrate Judge's finding that "Sergeant Petron was also concerned because there were multiple other cars parked directly in front of building 'O.'" [Doc. 87, pp. 5-6]. Without any elaboration, Defendant contends that "[t]his factual determination has bearing

4

on the issue of exigent circumstances." [Doc. 119, p. 3]. Because Defendant fails to identify how this factual finding specifically affects the exigent circumstances analysis, the objection is **OVERRULED**. See Mendez-Bernal, 2020 WL 5494728, at *2 (overruling objections where the defendant failed to identify how factual findings affect the outcome of the recommendation). Moreover, this Court finds that the record supports the conclusion that Sergeant Petron was concerned about the number of cars in the parking lot. In his testimony, Sergeant Petron explained that there were no markings on the parking spaces and that there were multiple vehicles parked directly in front of the building. [Doc. 60, p. 36]. As a result, Sergeant Petron testified that he did not know how many people were inside the apartment. Id.

4.

Defendant objects to the portion of the Report and Recommendation which states that Sergeant Petron "also testified that while he was standing at the entrance with the front door open, he could hear the sound of rushing water from a bathtub, which caused him to believe that there was an attempt to destroy evidence by running it through the tub." [Doc. 87, p.7]. According to Defendant, Sergeant Petron did not testify that he *believed* evidence was being destroyed in this case, but that he was *concerned* that evidence might be destroyed by running it through

the tub.  Because Defendant fails to demonstrate how a concern that evidence might be destroyed (rather than a belief that the evidence was actually being destroyed) would alter the Magistrate Judge's recommendation, the objection is **OVERRULED**.

5.

Defendant objects to the Magistrate Judge's finding that the safety check (protective sweep) lasted for approximately one minute.  As an initial matter, Defendant does not assert how long the safety check lasted or explain how a finding of either a longer of shorter duration of the safety check would have altered the Magistrate Judge's recommendation.  Nevertheless, this Court finds no error because the body camera footage shows that the safety check lasted for just over one minute.  At bottom, this Court finds that Defendant's objection is without merit, and it is therefore **OVERRULED**.

6.

In his sixth objection, Defendant contests the Magistrate Judge's finding that Defendant gave verbal consent to search the apartment while he was outside.  Defendant asserts that the Magistrate Judge erred because Sergeant Petron could not recall where Defendant was when he consented to the search—inside or outside.  Like with many of the other objections, Defendant fails to explain how

6

being inside or outside at the time of the verbal consent would alter the

recommendation.  Accordingly, the objection is **OVERRULED**.

7.

Defendant objects to the finding of probable cause.  In his objection

Defendant again takes issue with Sergeant Petron's conclusion that Defendant

engaged in countersurveillance activities.  As already explained previously, this

objection is without merit.

The Eleventh Circuit Court of Appeals has held that

> [p]robable cause exists when under the totality-of-the-
> circumstances . . . there is a fair probability that contraband or
> evidence of a crime will be found in a particular place.  In other
> words, probable cause exists where the facts lead a reasonably
> cautious person to believe that the search will uncover evidence
> of a crime.

United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991) (citation and

quotations omitted).  Review of the record shows that probable cause existed to

believe that the apartment contained evidence of a crime.  On October 31, 2019, a

suspicious package from Mexico arrived at the Federal Express hub in Memphis,

Tennessee.  Upon investigation, law enforcement officers discovered that the

package contained carfentanil, a strong fentanyl-type illegal substance.  As part of

its investigation, law enforcement officers removed the illegal drugs, replaced the

drugs with a sham substance and inserted a tracking device into the package.  On

7

the day after the package was delivered to an address in Roswell, Georgia, Defendant picked up the package and used various countersurveillance techniques while driving with the package in his car.  Law enforcement officers used the tracking device to track the package to an apartment complex where officers observed Defendant take the package into his apartment.  Certainly, this is sufficient evidence to support a finding of probable cause.  Because there was probable cause to believe there was evidence of a crime in the apartment, Defendant's objection is **OVERRULED**.

8.

Defendant next objects to the Magistrate Judge's determination that exigent circumstances existed to support a warrantless entry into the apartment.  Specifically, Defendant objects to the Magistrate Judge's finding that Defendant used countersurveillance techniques after retrieving the package and that the destruction of the tracking device meant that the people inside the apartment knew that they were under surveillance.

"Exigent circumstances may exist where there is a danger that evidence will be destroyed or removed." United States v. Floyd, 247 F. App'x 161, 166 (11th Cir. 2007).  In cases involving narcotics, the need to invoke the exigent circumstances exception is "particularly compelling" because narcotics can be so

quickly destroyed.  Id.  In determining whether the exception applies, the Court must determine "whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured."  United States v. Young, 909 F.2d 442, 446 (11th Cir. 1990).

In this objection, Defendant does not explain how a different finding regarding either countersurveillance or the compromised tracking device would have altered the Magistrate Judge's conclusion regarding exigent circumstances.  This is particularly significant because the Magistrate Judge's finding was premised on more than just these two factors.  The Magistrate Judge determined that exigent circumstances existed because Defendant used countersurveillance techniques, moved the package from his vehicle to the apartment where an unknown number of people may have been and knew he was under surveillance once the tracker was compromised.  Ultimately, Defendant's objection is **OVERRULED**.

9.

In his ninth objection, Defendant contends that the exigent circumstances exception does not apply here because the law enforcement officers had time to

obtain a warrant in the twenty-minute timeframe that passed between the moment the tracking device was compromised and the initiation of the police encounter.

As a general rule, "exigent circumstances will not justify warrantless entry if the exigency was created by those conducting the search. For example, a warrantless search is not justifiable when police have probable cause and sufficient time to obtain a warrant but create an exigency to avoid the warrant requirement." United States v. McGregor, 31 F.3d 1067, 1069 (11th Cir. 1994) (internal citation omitted). In this case, exigent circumstances arose when the tracking device was compromised and the people inside the apartment likely knew that they were under surveillance. Police initiated contact with Defendant only twenty minutes after the device was compromised. This Court finds that given the circumstances, including the disposability of the drugs, law enforcement officers reasonably could conclude that obtaining a warrant was impractical. See id. (determining that failure to obtain a warrant after the tracking device was activated was not unreasonable). Because this Court finds that the officers did not have sufficient time to obtain a warrant after the tracking device was compromised, Defendant's objection is **OVERRULED**.

10.

Defendant next objects to the Magistrate Judge's determination that the entry into the apartment was justified to do a protective sweep. Defendant contends that the Magistrate Judge erred because there were no exigent circumstances which would justify entry into the apartment. Because this Court has found that exigent circumstances did exist in this case, Defendant's objection is **OVERRULED**.

11.

In his eleventh objection, Defendant asserts that the protective sweep was improper because none of the officers believed that the apartment harbored an individual who posed a danger to the officers. The Court disagrees. When Sergeant Petron was asked why his weapon was drawn during the safety sweep, Sergeant Petron testified

> [f]or safety purposes, because due to the threat, especially dealing with drug trafficking situations, a lot of subjects involved in that business are armed, and it's just a very potentially dangerous situation. And like I said, we had no idea of how many persons were actually in the residence until we actually cleared it out. So for safety purposes, we had to draw our weapons to make sure it was safely cleared.

[Doc. 60, p. 48]. This testimony shows that the officers believed that the apartment could have harbored an individual who posed a danger to the officers. Accordingly, Defendant's objection is **OVERRULED**.

12.

In his twelfth objection, Defendant argues that the protective sweep of the bathroom violated his Fourth Amendment rights because Sergeant Petron did not need to actually enter the bathroom to see if anyone was hiding there. Defendant's objection is not supported by the record. The record shows that the protective sweep lasted for just over one minute. The Magistrate Judge noted that the testimony was credible that the law enforcement officers only checked those places where someone could hide. Because the sweep only checked those places where someone could hide, Defendant's objection is **OVERRULED**.

13.

Next, Defendant objects to the Magistrate Judge's factual finding that Defendant was briefly detained and handcuffed in a police car. Defendant contends that the factual finding is erroneous because he was detained for more than an hour. Even if Defendant is correct as to the duration of his detention before he gave consent to search, Defendant fails to explain how the duration of his detention affects the Magistrate Judge's determination that his consent was

12

voluntary.  Because Defendant does not allege how this factual finding affects the outcome of the Report and Recommendation, the objection is **OVERRULED**.

14.

Defendant objects to the Magistrate Judge's determination that he voluntarily consented to the search of the apartment.  As a general rule, voluntariness is considered on a case-by-case basis and is based on the totality of the circumstances.  United States v. Rodriguez Perez, 798 F. App'x 536, 539 (11th Cir. 2020).  For consent to be voluntary, the consent must be the product of an essentially free and unrestrained choice.  Id. at 540.  A court should consider the following factors in determining voluntariness:

> voluntariness of the defendant's custodial status, the presence of coercive police procedure, the extent and level of the defendant's cooperation with police, the defendant's awareness of his right to refuse to consent to the search, the defendant's education and intelligence, and, significantly, the defendant's belief that no incriminating evidence will be found.

Id. (quoting United States v. Chemaly, 741 F.2d 1346, 1352 (11th Cir. 1984)).

After reviewing the Report and Recommendation, this Court finds that the Magistrate Judge correctly considered the totality of the circumstances and the relevant factors in making her determination that the consent was voluntary. Although Defendant was detained in handcuffs before he consented, none of the other factors that suggest police coercion are present here.  More specifically, at

13

the time consent was obtained, the police officers did not have their weapons drawn nor were they making threats. Moreover, the evidence demonstrated that Sergeant Petron explained Defendant's rights in Spanish. Accordingly, Defendant's objection is **OVERRULED**.

15.

In his final objection, Defendant argues that his statements were not voluntarily rendered. A two-part test exists to determine whether a defendant has voluntarily waived his rights under Miranda. United States v. Barbour, 70 F.3d 580, 585 (11th Cir. 1995). Under the first prong, a reviewing court must determine whether the relinquishment of the right was voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. Id. If a court determines that the relinquishment of the right was voluntary, under the second part of the test, the court must analyze whether the waiver was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Id.

The Magistrate Judge correctly found that both prongs were satisfied in this case. As to the first prong, there was no evidence that law enforcement made any promises to Defendant or threatened him in any manner. The record lacks any indication that the waiver was the result of intimidation, coercion or deception. As

to the second prong, Defendant was verbally advised of his rights in Spanish and signed a written waiver of those rights, also in Spanish.  This shows that the waiver was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  This Court discerns no error, and therefore Defendant's objection is **OVERRULED**.

## CONCLUSION

The Court has carefully reviewed the Final Report and Recommendation and all objections thereto.  After review, the Court finds no clear error in the portions of the recommendation not objected to.  As to the portions objected to, the Court finds that the Magistrate Judge's factual and legal conclusions are correct, and therefore Defendant's objections are **OVERRULED** in their entirety.  Accordingly, the Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 87] as the judgment of the Court.  For the reasons stated in the Magistrate Judge's Report and Recommendation, Defendant's motions [Docs. 39, 40, 42 and 43] are **DENIED**.

This matter is currently scheduled for trial on March 1, 2022.  The time from February 14, 2022, to March 1, 2022, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i) and

(h)(7)(B)(iv) to give the parties sufficient time to prepare for trial in light of this Court's ruling on Defendant's objections.

**SO ORDERED** this 14th day of February, 2022.

J. P. BOULEE
United States District Judge